Melissa R. Theriault, #6-4266
WOODHOUSE RODEN AMES & BRENNAN, LLC
1912 Capitol Avenue, Suite 500
P.O. Box 1888
Cheyenne, WY 82003
(307) 432-9399
Fax (307) 432-7522
melissa@wrablaw.com
*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 MAY 10 PM 1:48

MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Colonel Victoria Miralda (Ret), | CASE NO.: 22-cv-111-SWS |
| Plaintiff, | |
| vs. | COMPLAINT and JURY DEMAND |
| Chinook Winds, llc, a Wyoming Limited Liability Company, | |
| Defendant. | |

Colonel Victoria Miralda (Ret), by and through her counsel, Melissa R. Theriault of Woodhouse Roden Ames & Brennan, LLC, for her *Complaint* against Defendant Chinook Winds llc, a Wyoming Limited Liability Company, hereby states as follows:

## INTRODUCTION

1. Plaintiff, Colonel Victoria Miralda (Ret.) ("COL Miralda"), is a decorated, disabled U.S. Army veteran who served her country with honor and distinction for 29 years. COL Miralda received numerous honors including two bronze stars for her service to the United States military and the humanitarian service medal. Her tours of duty overseas include deployments supporting: Operation Desert Storm; Operation Iraqi Freedom; Operation Enduring Freedom and Global War on Terrorism.

2. As a result of injuries sustained while on active duty, COL Miralda has physical and mental health disabilities that cause limitations in major life areas. COL Miralda uses a specially trained and well-behaved service dog, Luna, to help her address the limitations caused by her

disabilities.

3. Defendant, Chinook Winds, llc a Wyoming Limited Liability Company d/b/a Chinook Winds Motel ("Defendant") violated COL Miralda's rights under the Americans with Disabilities Act ("ADA") and Wyoming law when it refused to allow her to stay at its motel with Luna – even though COL Miralda had already paid for the stay – because it had a strict "no dogs" policy with no exceptions for service animals.

4. Even though COL Miralda informed a motel employee, who identified herself as the motel's owner, that Luna is a service animal trained to help her, Defendant still refused to let COL Miralda and her friend – who was pregnant – stay at its motel.

5. Even worse, Defendant refused to allow COL Miralda to stay at its hotel even though it advertises on its website that it is subject to and complies with the Americans with Disabilities Act.

6. As a result of Defendant's unlawful, discriminatory, and willfully wrongful refusal to let her stay at the Chinook Winds Motel with Luna, COL Miralda was left in a strange place, late at night, with nowhere to stay.

7. Defendant even refused to refund the money COL Miralda paid in advance for her stay – further compounding the shock of being turned away in the middle of the night.

8. Since discriminating against COL Miralda, Defendant has instituted a new, equally discriminatory policy. Defendant now limits guests with dogs to the most expensive rooms at the motel and requires them to pay a surcharge, with no exceptions for service animals.

9. Defendant's new policy violates and continues to violate the ADA rights of COL Miralda in that, among other violations, it denies her a full and equal opportunity to stay at the Chinook Winds Motel.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188 to hear COL Miralda's claims arising under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, Count I herein.

11. This Court has jurisdiction over COL Miralda's Wyoming law claims, Counts II-IV herein, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a) because (1) COL Miralda and Defendant are citizens of different states and the amount in controversy in this matter exceeds $75,000 and (2) COL Miralda's state law claims arise out of the same nucleus of facts as her federal law claim.

12. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to COL Miralda's claims occurred in this District.

## PARTIES

### Plaintiff

13. Plaintiff, Colonel Victoria Miralda (Ret.), is a resident and domiciliary of Colorado.

14. COL Miralda is a U.S. Army veteran who graduated from the U.S. Military Academy at West Point in 1990 and served her country with honor and distinction for 29 years as a communications and space officer, receiving two bronze stars for her service to our nation.

15. COL Miralda is a survivor of sexual abuse (Military Sex Trauma), physical trauma, and emotional trauma. As a direct result of the abuse and traumas, she has been diagnosed with Post Traumatic Stress Disorder ("PTSD"). COL Miralda's PTSD substantially limits her ability to be alone, to sleep, travel, and engage in healthy, trusting relationships. Her disability also limits her ability to function in day-to-day life.

16. In addition, COL Miralda is a person with physical disabilities. Specifically, she sustained

significant injury to her spine while serving our country as a paratrooper. COL Miralda was medically boarded and discharged from the Army because of her disabilities. Her disability rating by the Veterans Administration is one hundred percent (100%). COL Miralda's disabilities limit, among other things, her ability to walk up and down stairs, walk long distances, travel by car, ride her bike, mow lawns, and sleep.

17. Accordingly, COL Miralda is an individual with disabilities for the purposes of the ADA.

18. To help COL Miralda address and minimize the impact of her disabilities, she has acquired Luna, a specially trained, housebroken, and well-behaved service dog.

19. Luna was individually trained by Veteran's Puppy for Life Organization, which was created to assist United States Armed Forces Veterans. Veteran's Puppy for Life Organization trained Luna to recognize when COL Miralda is in distress and to provide an individually tailored response designed to comfort and ease her anxiety. Specifically, Luna has been trained to provide interventional contact. She detects, intervenes and makes physical contact, which creates oxytocin, which is the biological response that drops COL Miralda's heartrate, lowers her blood pressure, and increases her sense of social well-being and outgoingness. When Luna senses COL Miralda's anxiety, she physically places herself on COL Miralda or will lick her or engage in other contact.

20. In addition, COL Miralda has individually trained Luna to assist with her physical disabilities. Specifically, COL Miralda has trained Luna to assist her up or down stairs. Specifically, when COL Miralda needs to climb stairs, she signals Luna and Luna changes her usual walking pace to walk the stairs beside COL Miralda and provide a stabilizing balance.

21. With and because of Luna's assistance, COL Miralda is able to overcome, to the maximum

extent possible, her disabilities, live independently, be employed and otherwise lead a meaningful, productive, and inclusive day-to-day life – including the ability to reserve, pay for, and stay at motels like Chinook Winds Motel.

22. COL Miralda's experience in the military and with her disabilities led her and a board of directors to establish Veterans Victory Alliance (www.veteransvictoryalliance.org), a 501c3 nonprofit organization. Brandy Moralez, who is a disabled American service member ("LTC Moralez"), is also an Officer of Veterans Victory Alliance.

23. Veterans Victory Alliance hosts programs for veterans and first responders at a 17 - acre ranch in Montana. There, veterans and first responders may take part in programs designed to enhance their physical, mental, and emotional wellness by engaging in outdoor recreational therapy and providing a community of support and understanding. At the heart of this mission is suicide prevention.

**Defendant**

24. Defendant Chinook Winds, llc d/b/a Chinook Winds Motel is a Wyoming Limited Liability Company organized and operating under Wyoming law.

25. Defendant operates a motel, the Chinook Winds Motel, which is located in Dubois, Wyoming. The Chinook Winds Motel is open to the public and has more than 5 rooms available for rent.

26. Accordingly, Defendant and the Chinook Winds Motel are "public accommodations" for the purposes of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*

27. On its website, Defendant admits that it is subject to and must comply with the ADA.[1]

---

[1] https://www.chinookwindsmotel.com/ADA.html

## STATEMENT OF FACTS

28. In September 2021, COL Miralda and LTC Moralez worked at their nonprofit Veterans Victory Alliance nonprofit ranch in Montana, helping prepare it to host disabled veterans and first responders.

29. Because they wanted to travel through Yellowstone Park on their way back to their homes in Colorado, they looked for hotels near the park to spend the night of September 27, 2021.

30. COL Miralda and LTC Moralez saw the advertisement for Defendant's motel, Chinook Winds Motel, on the Expedia.Com website.

31. COL Miralda then reserved a room at Chinook Winds Motel for the night of September 27, 2021, paying $120.75 in advance.

32. After working at their nonprofit and traveling through Yellowstone Park, COL Miralda and LTC Moralez arrived at the Chinook Winds Motel in Dubois, Wyoming, at approximately 10:30 pm on September 27, 2021.

33. As they arrived, LTC Moralez telephoned the motel and informed the person who answered that she and COL Miralda were arriving. The person said they should come into the office to check in.

34. COL Miralda checked in for their stay and informed the person, who identified herself as the motel owner, that she has a service animal.

35. The motel employee/owner then told COL Miralda that Luna could not stay in the room with her because the hotel did not allow pets.

36. When COL Miralda explained that Luna is not a "pet" but is her service animal, the motel employee/owner repeated that the hotel did not allow dogs, with no exceptions.

37. When COL Miralda repeated that Luna is her service animal, the motel employee/owner

stated that the motel did not allow <u>any</u> dogs, with no exception for service animals like Luna.

38. COL Miralda offered to show the motel employee/owner paperwork documenting Luna's training and work as a service animal. COL Miralda also offered to bring in her own bedsheet to ensure that the motel room remained clean, even though Luna is housebroken and well-behaved.

39. The motel employee/owner refused COL Miralda's offers and told her that if she brought Luna into the motel, she would be charged an additional $200.

40. When the motel employee/owner would not allow COL Miralda to stay with her service animal, COL Miralda asked the employee/owner to refund the $120.75 that she paid in advance for the stay. The motel employee/owner refused to do so.

41. Because the motel employee/owner would not allow COL Miralda and LTC Moralez - who was pregnant at the time - to stay at the motel with Luna, they were left with no place to stay, in a strange place, late at night.

42. Upon information and belief, the motel employee/owner, or someone else acting on behalf of Defendant posted the following to the Expedia.Com website regarding COL Miralda:
    "Upon arrival and then check in I was told there was a dog. It is posted that we do not accept dogs in our motel. This is something that was not mentioned in notes by Expedia. Also, service dog with no papers/no verification."

43. Defendant's actions, by and through its owner/employee, were intentional and willful, discriminated against COL Miralda due to her disabilities, and denied her the right and opportunity to stay Chinook Winds Motel, even though she paid for her room in advance.

44. As a result of Defendant's intentional, willful, and discriminatory action, by and through its employee/owner, COL Miralda suffered pecuniary and nonpecuniary injuries and incurred

expenses directly resulting from the actions of Defendant and its employee/owner.

45. During the events that occurred on September 27, 2021 and all relevant times thereafter, the motel employee/owner was acting within the scope of her duties as an employee/owner of Defendant.

46. Subsequent to these events, it appears that Defendant has enacted a new policy regarding guests with dogs.

47. As of the date of this filing, Defendant's website now states that there are two "dog friendly" units at the motel.

48. The "dog friendly" units are the most expensive in the motel.

49. Upon information and belief, guests who wish to stay in the "dog friendly" units must pay a surcharge to stay with their dogs.

## COUNT I:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

50. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 49.

**Requirements of the ADA**

51. Title III of the ADA provides

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. 12182(a)

52. Title III of the ADA further provides

> It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities,

privileges, advantages, or accommodations of an entity.

42 U.S.C. § 12182(b)(1)(A)(i).

53. Title III of the ADA further provides:

For purposes of subsection (a), discrimination includes—

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

42 U.S.C. § 12182(b)(2)(A)(i-ii)

54. The regulations implementing Title III of the ADA provide:

(a) *General*. A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.
. . . .

(c) *Service animals*.
(1) *General*. Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability.
. . .
(7) *Access to areas of a public accommodation*. Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go.
(8) *Surcharges*. A public accommodation shall not ask or require an individual with a disability to pay a surcharge, even if people accompanied by pets are required to pay fees, or to comply with other requirements generally not applicable to people without pets. . . .

28 C.F.R. § 36.302 (a) – (c)

**Defendant Discriminated Against, and Continues to Discriminate Against, COL Miralda in Violation of the ADA.**

55. At all times relevant to this Complaint, COL Miralda is a person with a disability for the purposes of the ADA in that, as described above, she has a physical or mental impairment that substantially limits one of more of her major life areas.

56. At all times relevant to this Complaint, as described above, COL Miralda's service animal, Luna, has been and is individually trained to do work or perform tasks for the benefit of COL Miralda, a person with a disability.

57. At all times relevant to this Complaint, COL Miralda's service animal, Luna, is and has been housebroken, well-behaved, and under the control of COL Miralda.

58. At all times relevant to this Complaint, as described above, the Chinook Winds Motel is a place of public accommodation for purposes of Title III of the ADA.

59. Defendant unlawfully and in violation of the ADA discriminated against and continues to discriminate against COL Miralda in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Chinook Winds Motel, a place of public accommodation for the purposes of the ADA, as follows:

    (a) Because of Defendant's strict "no dogs" policy, with no exception for service animals like Luna, COL Miralda was denied the opportunity to stay at the Chinook Winds Motel, a public accommodation for purposes of the ADA;

    (b) Defendant's strict "no dogs" policy, with no exception for service animals like Luna, was unlawful and in violation of the ADA because it screened out or tended to screen out COL Miralda from fully and equally enjoying the goods, services, facilities, privileges, advantages or accommodations of the Chinook Winds Motel, a public accommodation for

purposes of the ADA;

(c) Defendant unlawfully and in violation of the ADA failed/refused to make reasonable modifications to its "no dogs" policy that were necessary to afford COL Miralda the goods, services, facilities, privileges, advantages, or accommodations of the Chinook Winds Motel, a public accommodation for purposes of the ADA;

(d) Defendant unlawfully and in violation of the ADA failed/refused to modify its "no dogs" policy to permit COL Miralda to be accompanied by and use her service animal while staying at the Chinook Winds Motel, a public accommodation for purposes of the ADA;

(e) Defendant unlawfully and in violation of the ADA failed/refused to allow COL Miralda to be accompanied by her service animal in all places on the premises of the Chinook Winds Motel where members of the public, customers, patrons, or invitees of the motel, a public accommodation for purposes of the ADA, are allowed to go;

(f) Defendant's assertion that it would charge COL Miralda a $200 fee if she brought Luna into the motel into the Chinook Winds Motel, a public accommodation for the purposes of the ADA, unlawfully violated the ADA by requiring COL Miralda to pay a surcharge to use her service animal at the motel.

(g) Defendant, through its strict "no dogs" policy, with no exception for service animals like Luna, and the actions described herein, otherwise and unlawfully discriminated against COL Miralda in violation of the ADA.

(h) Defendant's new policy, limiting guests with dogs to the two most expensive rooms in the motel and requiring that they pay a surcharge to have their dogs stay with them, with no exceptions for service animals like Luna, is unlawful and in violation of the ADA because it denies, and continues to deny, COL Miralda a full and equal opportunity to stay at the

Chinook Winds Motel, a public accommodation for purposes of the ADA;

(i) Defendant's new policy, limiting guests with dogs to the two most expensive rooms in the motel and requiring that they pay a surcharge to have their dogs stay with them, with no exceptions for service animals like Luna, is unlawful and in violation of the ADA because it screens out or tends to screen out, and continues to do so, COL Miralda from fully and equally enjoying the goods, services, facilities, privileges, advantages or accommodations of the Chinook Winds Motel, a public accommodation for purposes of the ADA; and

(j) Defendant's new policy, limiting guests with dogs to the two most expensive rooms in the motel and requiring that they pay a surcharge to have their dogs stay with them, with no exceptions for service animals like Luna, is unlawful and in violation of the ADA because it requires, and continues to require, COL Miralda to pay a surcharge to use her service animal at the motel; and

(k) Defendant's new policy, limiting guests with dogs to the two most expensive rooms in the motel and requiring that they pay a surcharge to have their dogs stay with them, with no exception for service animal like Luna, otherwise and unlawfully discriminates and continues to discriminate against COL Miralda in violation of the ADA.

60. Defendant unlawfully discriminated against COL Miralda, in violation of the ADA, even though it advertises on its website that it is subject to and must comply with the ADA.

61. Complying with the ADA and/or modifying its "no dogs" policy to allow COL Miralda to stay with her service animal at the Chinook Winds Motel, a public accommodation for purposes of the ADA, would not have fundamentally altered the goods, services, privileges, advantage, or accommodations of the Chinook Winds Motel. To the contrary, Chinook Winds Motel would have continued to operate exactly as intended – as a motel open to and serving the public –

only in a way that complied with the ADA and did not unlawfully exclude COL Miralda from staying there.

62. Upon information and belief, Defendant failed to properly train and/or supervise its employee/owner to ensure that she was aware of and would, on behalf of Defendant, comply with the ADA and allow COL Miralda to stay at the Chinook Winds Motel with her service animal.

63. Defendant's failure to properly train and/or supervise its employee/owner is particularly significant, and demonstrates bad faith on the part of Defendant, because it was and is aware, as stated on its website, that it is subject to and must comply with the ADA.

64. Because of Defendant's unlawful and discriminatory actions – including refusing to allow her to stay at the Chinook Winds Motel due to its strict "no dogs" policy, with no exception for service animals like Luna, and its failure to properly train and/or supervise its employee/owner, as described herein - COL Miralda was discriminated against by Defendant, and incurred foreseeable expenses as a direct result of the discrimination, including, but not limited to, the loss of the money she paid in advance for the room, which Defendant refused, and continues to refuse, to refund.

65. Complying with the ADA and/or modifying its new policy limiting guests with dogs to the two most expensive rooms at the motel and requiring that they pay a surcharge to stay with the dogs, with no exception for service animals like Luna, would not fundamentally alter the goods, services, privileges, advantage, or accommodations of the Chinook Winds Motel, a public accommodation for purposes of the ADA. To the contrary, Chinook Winds Motel would continue to operate exactly as intended – as a motel open to and serving the public – only in a way that complies with the ADA and does not unlawfully exclude COL Miralda from staying

there.

66. Because COL Miralda frequently works at her nonprofit Veterans Victory Alliance ranch in Montana and enjoys traveling through Yellowstone Park, she anticipates that there will be many occasions when she will be in Dubois, Wyoming, where the Chinook Winds Motel is located.

67. COL Miralda would like to, and would, stay at the Chinook Winds Motel if it complied with the ADA and modified its policy to allow her to stay at the motel with her service animal, Luna, without being required to stay in one of the two most expensive rooms and pay a surcharge.

68. Because of Defendants unlawful and discriminatory new policy - limiting guests with dogs to staying in one of the two most expensive rooms and requiring them to pay a surcharge, with no exceptions for service animals like Luna - COL Miralda has been and continues to be discriminated against by Defendant, in violation of the ADA and continues to suffer harm from being excluded from full and equal access to Chinook Winds Motel.

69. Accordingly, COL Miralda is entitled to relief pursuant to the ADA, 42 U.S.C. § 12188.

70. COL Miralda reserves the right to amend this Complaint to allege discrimination by Defendant against a class of persons similarly situated to her if she discovers that such discrimination has occurred.

## **COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

71. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 70.

72. Wyoming recognizes the cause of action of Intentional Infliction of Emotional Distress.

73. As described herein, Defendant's willful, intentional, and discriminatory conduct, by and through its owner/employee, resulted in COL Miralda and LTC Moralez - who was pregnant at the time – being left with nowhere to stay, in a strange place, late at night.

74. As described herein, Luna is not a pet and is integral to COL Miralda's well-being and safety. Being denied entry to a motel while traveling at night with her service dog, whose training and function includes providing safety and protection, caused COL Miralda to suffer severe emotional distress.

75. Defendant's conduct, by and through its owner/employee, as described herein, was extreme and outrageous conduct and intentionally or recklessly caused severe emotional distress to COL Miralda - especially because Defendant states on its website that it is subject to and must comply with the ADA and, therefore, knew or should have known that it should not have denied COL Miralda the right to stay at the Chinook Winds Motel with her service animal, and/or should have properly trained and/or supervised its employee/owner to ensure that it would not deny COL Miralda the right to stay at the Chinook Winds Motel with her service animal.

76. Defendant's conduct, by and through its owner/employee, as descried herein, demonstrates that it acted in a self-dealing manner, breaching community standards of decency, fairness and reasonableness. Defendant's actions go beyond all possible bounds of decency, are atrocious, and utterly intolerable in a civilized community.

77. Defendant's extreme and outrageous conduct intentionally or recklessly caused severe emotional harm and damages to COL Miralda in an amount to be proven at trial.

## COUNT III: BREACH OF CONTRACT

78. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 77.

79. Defendant and COL Miralda entered into a contract for COL Miralda to stay in a room at Chinook Winds Motel for the sum of $120.75. That contract was breached by Defendant.

80. Defendant offered a room at Chinook Winds Motel through Expedia.com for the sum of $120.75.

81. COL Miralda accepted the offer and remitted the consideration, i.e. paid $120.75.

82. Defendant unlawfully refused to fulfill its obligations under the contract and refused to refund the payment of $120.75.

83. As a direct result of the breach of contract, COL Miralda and LTC Moralez - who was pregnant at the time - were left with nowhere to stay, in a strange place, late at night.

84. Defendant's breach of contract was intentional and willfully wronged COL Miralda, as outlined herein.

85. Defendant's breach of contract has harmed COL Miralda in an amount to be proven at trial.

## COUNT IV: BREACH OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING

86. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 85.

87. Defendant breached the implied covenants of good faith and fair dealing by committing acts that injured the right of COL Miralda to receive the benefit of the contract she entered into with Defendant: to stay at Chinook Winds Motel on September 27, 2021.

88. Defendant did not act in good faith in its performance of its obligations under the contract, as described herein.

89. Defendant acted in a self-dealing manner, breaching community standards of decency, fairness and reasonableness, as described herein.

90. At the time it entered into the contract with COL Miralda, Defendant knew it was obligated to comply with the ADA - and admitted as much on its website - which prohibits excluding COL Miralda from its premises due to her disabilities and use of a service animal, as described herein.

91. In addition, upon information and belief, Defendant failed to properly train and/or supervise its employee/owner to ensure that she would not act in an intentionally and willfully discriminatory way by refusing to allow a guest with a service animal, who paid in advance, to stay at the motel and by refusing to refund the guest's payment when it would not let her stay at the motel.

92. Defendant's failure to properly train and/or supervise its employee/owner is particularly significant, and demonstrates bad faith on the part of Defendant, because it resulted in COL Miralda suffering foreseeable pecuniary and nonpecuniary harm, including incurring expenses, directly resulting from Defendant's failure.

93. Defendant's breaches were intentional, willfully wronged COL Miralda, and knowingly violated her legal rights under federal and Wyoming law, as described herein.

94. Defendant's breaches have harmed COL Miralda in an amount to be proven at trial.

## JURY TRIAL DEMANDED

95. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, COL Miralda demands a jury trial on all issues so triable.

## **REQUEST FOR RELIEF**

**WHEREFORE,** your plaintiff, Colonel Victoria Miralda (Ret.), respectfully requests that this Court grant the following relief:

1. Enter Declaratory Judgement(s) that Defendant unlawfully discriminated against and violated the rights of COL Miralda under the ADA and/or Wyoming Law.

2. Preliminarily and permanently enjoin Defendant to modify its policy limiting guests with dogs to the two most expensive rooms at the motel and requiring them to pay a surcharge, with no exception for service animals, to allow COL Miralda a full and equal opportunity to stay at and enjoy the programs, services, and benefits at Chinook Winds Motel.

3. Award COL Miralda compensatory and punitive damages in an amount to be determined at trial but exceeding $75,000, for Defendant's violations of her rights, as allowed by applicable federal and Wyoming law.

4. Award COL Miralda equitable relief, including reimbursement for expenses she incurred as a result of Defendant's violations of federal and Wyoming law, as allowed by applicable federal and Wyoming law.

5. Award COL Miralda her attorneys' fees and costs,P as allowed by applicable federal and Wyoming law; and

6. Award COL Miralda such other and further relief that to this Court seems just and proper.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Respectfully submitted this 10 day of May 2022

                                    WOODHOUSE, RODEN, AMES, & BRENNAN, LLC

                                    */s/ Melissa R. Theriault*
                                    Melissa R. Theriault #6-4266
                                    Woodhouse Roden Ames & Brennan, LLC
                                    1912 Capitol Ave., Suite 500
                                    Cheyenne, WY  82001
                                    (307) 432-9399
                                    melissa@wrablaw.com